# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM D. JUBILEE, SR.,** | : | **CIVIL NO. 1:18-CV-52** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **GENE BERDANIER**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff William Jubilee ("Jubilee"), an inmate who, at all relevant times, was housed at the Schuylkill County Prison, in Pottsville, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Docs. 1, 10). Named as defendants are Warden Gene Berdanier, Deputy Warden David Wapinsky and members of the Schuylkill County Prison Board, George Halcovage, Gary Hess, Frank Staudemaier, William Baldwin, Joseph Grody, and Christine Holman (collectively "Schuylkill County defendants"), and PrimeCare Medical, Inc. ("PrimeCare"), and Kenneth Wloczewski, D.O. (collectively, "medical defendants").

Before the court is a motion (Doc. 22) for summary judgment pursuant to Federal Rule of Civil Procedure 56 by the Schuylkill County defendants[1], and a motion (Doc. 24) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by the medical defendants.  Despite being directed to file briefs in opposition to defendants' motions, Jubilee failed to oppose the motions.  (See Doc. 28). Consequently, the motions are deemed unopposed and ripe for disposition.  See L.R. 7.6 ("Any party opposing any motion . . . shall file a brief in opposition . . . [or] shall be deemed not to oppose such motion"); see also (Doc. 28 ¶ 6) (advising Jubilee that failure to file briefs in opposition to defendants' motions would result in the motions being deemed unopposed).  For the reasons set forth below, the court will grant each pending motion.

I. **Schuylkill County Defendants' Motion for Summary Judgment**

   A. **Legal Standard**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality.  See FED. R. CIV. P. 56(a).  The burden of proof is upon the non-moving party to come forth with "affirmative

---

[1] By order dated November 9, 2018, the court provided notice to the parties that the Schuylkill County defendants' motion (Doc. 22) would be treated as a motion for summary judgment, and the court placed the parties on notice that it may consider exhaustion in its role as fact finder under Small v. Camden County, 728 F.3d 265 (3d Cir. 2013).  (Doc. 28) (citing Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018)).  The order also afforded the parties the opportunity to supplement the record with any additional evidence relevant to exhaustion of administrative remedies.  (Id.)

evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F.Supp.2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); see also FED. R. CIV. P. 56(a), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F.Supp.2d at 315.

### B. Statement of Material Facts[2]

During Jubilee's incarceration at the Schuylkill County Prison, the Prison had an Inmate Grievance Procedure in effect. (Doc. 30, Statement of Material Facts ("SMF"), ¶ 2; Doc. 22-4, Affidavit of David Wapinsky ("Wapinsky Aff."), ¶ 3; Doc. 31-

---

[2] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues for trial. See id. Unless otherwise noted, the factual background herein derives from the Schuylkill County defendants' Rule 56.1 statements of material facts. (Doc. 30). Jubilee did not file a response to the Schuylkill County defendants' statement of material facts. The court accordingly deems the facts set forth by the Schuylkill County defendants to be undisputed. See LOCAL RULE OF COURT 56.1. See also (Doc. 28 ¶ 4) (advising Jubilee that failure to file a responsive statement of material facts would result in the facts set forth in the Schuylkill County defendants' statement of material facts being deemed admitted).

1, Schuylkill County Prison Inmate Grievance Policy). At all relevant times, a copy of the Schuylkill County Grievance Procedure was posted in Jubilee's housing block. (Doc. 31, Affidavit of Lieutenant Michael Buchanan ("Buchanan Aff."), ¶ 3).

Under the Schuylkill County Grievance Policy, the Deputy Warden serves as the Grievance Coordinator. (SMF ¶ 3). Inmates must complete an Inmate Request Slip in order to request grievance forms from the Deputy Warden. (SMF ¶ 3; Buchanan Aff. ¶ 5). The Deputy Warden provides the grievance forms to inmates. (Id.)

Pursuant to the grievance procedure, a grievance must be filed within thirty (30) days of an incident. (Id.) Upon receipt of the grievance, the Deputy Warden will number the grievance and issue a decision. (SMF ¶ 3; Wapinsky Aff. ¶ 3; Doc. 31-1). Inmates who are dissatisfied with the response of the Deputy Warden have the right to appeal that decision. (SMF ¶ 4). The appeal must be submitted in writing to the Warden within ten (10) days after receipt of the grievance response. (Id.) The decision of the Warden is final. (Id.)

During Jubilee's incarceration at the Schuylkill County Prison, he filed four (4) grievances. (SMF ¶ 5).

On November 16, 2017, Jubilee filed Grievance Number 1050, wherein he expressed disagreement with treatment provided by the medical department. (SMF ¶ 5; Doc. 22-6 at 1-2, Grievance Number 1050). On November 20, 2017, the Deputy Warden denied Grievance Number 1050. (SMF ¶ 6).

4

On November 21, 2017, Jubilee filed Grievance Number 1064 relating to an alleged injury he sustained when he fell off his top bunk. (SMF ¶ 5; Doc. 22-6 at 3, Grievance Number 1064). On November 28, 2017, the Deputy Warden denied Grievance Number 1064. (SMF ¶ 7).

On November 28, 2017, Jubilee filed Grievance Number 1070 complaining about his placement in a cell occupied by three (3) people. (SMF ¶ 5; Doc. 22-6 at 4, Grievance Number 1070). On December 11, 2017, the Deputy Warden denied Grievance Number 1070. (SMF ¶ 8).

On January 7, 2018, Jubilee filed Grievance Number 1090 complaining that the temperature in his cell was cold due to an alleged faulty heating system. (SMF ¶ 5; Doc. 22-6 at 4, Grievance Number 1090). On January 18, 2018, the Deputy Warden denied Grievance Number 1090. (SMF ¶ 9).

On January 21, 2018, Jubilee requested a grievance appeal form. (SMF ¶ 10; Doc. 22-7, Inmate Request Slip). On January 22, 2018, the Deputy Warden sent a grievance appeal form to Jubilee. (SMF ¶ 10; Wapinsky Aff. ¶ 14; Doc. 22-7). Jubilee failed to file any appeals of the denials of Grievance Numbers 1050, 1064, 1070, or 1080. (SMF ¶ 11; Wapinsky Aff. ¶ 14; Doc. 22-2, Affidavit of Warden Eugene Berdanier ("Berdanier Aff."), ¶ 3).

**C. Discussion**

The Schuylkill County defendants argue that Jubilee failed to exhaust the grievance procedure available at the Schuylkill County Prison prior to filing the instant action. (Doc. 23 at 7-15). Under the Prison Litigation Reform Act of 1996

5

(the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (holding that the exhaustion requirement applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." Id. at 73 (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998)).

To exhaust administrative remedies an inmate must comply with all applicable grievance procedures and rules. See Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004). The PLRA requires not only technical exhaustion of administrative remedies, but also substantial compliance with procedural requirements. Id. at 227-32; see also Nyhuis, 204 F.3d at 77-78. A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. Spruill, 372 F.3d at 227-32; see also Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000). Failure to identify

6

a named defendant on a grievance form, absent a "justifiable excuse," constitutes failure to properly exhaust as to that defendant. Williams v. Pa. Dep't of Corr., 146 F. App'x 554, 557 (3d Cir. 2005) (non-precedential).

The Schuylkill County Prison has an Inmate Grievance Policy that was in effect at all times relevant to the instant action. Under the policy, a grievance must be filed on a grievance form with the Deputy Warden and must be filed within thirty (30) days after the incident has occurred. The Deputy Warden will then issue a decision. Inmates who are dissatisfied with the response of the Deputy Warden have the right to appeal that decision to the Warden. The appeal must be submitted in writing to the Warden within ten (10) days after receipt of the Deputy Warden's response. The Warden's decision is final. Specifically, the grievance appeal process provides as follows:

> Offenders who are dissatisfied with the response to their filed grievance have the right to appeal that decision. An appeal will be submitted in writing to the Warden within ten (10) days of the date you received a response to the grievance filed. **THE WARDEN'S DECISION ON THE APPEAL WILL BE FINAL.**

(Doc. 31-1 at 3, Schuylkill County Prison Inmate Grievance Policy) (emphasis in original).

As previously noted, Jubilee filed four (4) grievances during his incarceration at the Schuylkill County Prison. All of those grievances pertain to the claims in Jubilee's complaint and all were denied by the Deputy Warden.

On January 22, 2018, Jubilee was provided with a grievance appeal form. (Id.). Pursuant to the Schuylkill County Grievance Policy, an appeal must be filed in writing to the Warden within ten (10) days from the date the inmate receives the Deputy Warden's response. The uncontroverted evidence reflects that although Jubilee was provided with a grievance appeal form, he did not appeal Grievance Numbers 1050, 1064, 1070, or 1080, in accordance with the prison grievance procedure. (SMF ¶ 11; Wapinsky Aff. ¶ 14; Berdanier Aff. ¶ 3). Hence, the record establishes that Jubilee failed to exhaust the administrative grievance procedure available at the Schuylkill County Prison.

In certain circumstances, a prisoner may be excused from the exhaustion requirement. The Third Circuit recognizes a "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002). An inmate's failure to exhaust will only be excused "under certain limited circumstances," Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Davis, 49 F. App'x at 368. The Third Circuit has held that the institution "rendered its administrative remedies unavailable to [an inmate] when it failed to timely (by its own procedural rules) respond to his grievance and then repeatedly ignored his follow-up requests for a decision on his claim." Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 154 (3d Cir. 2016). In the present matter, Jubilee does not allege, nor does he

8

present any affirmative evidence, that he was he misled or ignored by prison officials, was impeded in filing a grievance, or that some other extraordinary circumstance prevented him from complying with the grievance process. Notably, despite being directed to file a brief in opposition to the Schuylkill County defendants' motion, Jubilee has failed to oppose defendants' motion and failed to file a responsive statement of material facts. The court thus finds that there is no genuine dispute of fact that Jubilee failed to exhaust his administrative remedies prior to filing the instant action.

A party opposing summary judgment must come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson, 477 U.S. at 250-57; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Jubilee has failed to meet his burden with respect to the administrative exhaustion of his present claims against the Schuylkill County defendants. Therefore, the Schuylkill County defendants are entitled to an entry of judgment in their favor.

## II. **Medical Defendants' Motion to Dismiss**

### A. **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

9

FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient

10

to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**B.    Allegations of the Complaint[3]**

On June 9, 2017, Jubilee entered the Schuylkill County Prison. (Doc. 1 at 5). Upon arrival, he informed medical staff that he was in a motorcycle accident in 2015 and took medication for a "badly injured back." (Id.)

On November 19, 2017, Jubilee attempted to climb off of his top bunk, and slipped and fell onto a metal desk. (Id.) He claims that he "busted [his] knee" on the metal desk which caused severe pain, bleeding, and swelling. (Id.) Jubilee also alleges that the fall aggravated his existing back condition. (Id.) After the fall, Jubilee was issued an ACE bandage for his knee and a doctor increased his pain medication. (Id. at 5-6).

On August 10, 2017, Jubilee was evaluated by a doctor and prescribed a steroid for five (5) days. (Id. at 6). Jubilee alleges that the steroid did not help his pain. (Id.) On October 5, 2017, a doctor again treated Jubilee and prescribed Pamelor, an antidepressant nerve pill. (Id.) Jubilee claims that this medication did

---

[3] The court only includes the allegations relevant to the medical defendants.

not help his pain.  (Id.)  Jubilee filed a grievance complaining about the medication, and he was ultimately prescribed different medication that helped alleviate his pain.  (Id.)

On November 16, 2017, Jubilee filed a grievance regarding the medical treatment for his back condition.  (Id. at 12).  In response, the medical department noted that Jubilee was treated five (5) times since he began his incarceration at the Schuylkill County Prison on June 9, 2017.  (Id.)  On June 16, 2017, July 7, 2017, and September 25, 2017, a nurse or nurse practitioner treated Jubilee.  (Id.)  On August 10, 2017 and October 5, 2017, a doctor treated Jubilee.  (Id.)  The medical department also noted that Jubilee was prescribed Pamelor and scheduled for a follow-up visit with the doctor.  (Id.)

PrimeCare is contracted with the Schuylkill County Prison to provide medical services to inmates at the prison.  (Doc. 1 at 7).  Defendant Dr. Wloczewski is employed by PrimeCare and provides medical care to inmates at the Schuylkill County Prison.  (Id.)

**C.    Discussion**

    **1.    *Deliberate Indifference to Serious Medical Needs***

The Eighth Amendment's proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 103-05 (1976).  In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to

12

that need." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id. (citation omitted).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. See Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988); see also McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976), cert. denied, 450 U.S. 1041 (1981).

Assuming *arguendo* that Jubilee's knee and back injuries rise to the level of serious medical conditions for purposes of the Eighth Amendment analysis, the court must determine whether Jubilee has pled a deliberate indifference to those

needs. The allegations in the complaint clearly demonstrate that defendant Dr. Wloczewski was not deliberately indifferent to Jubilee's serious medical needs. The complaint provides that the medical department treated Jubilee five (5) times during his incarceration at the Schuylkill County Prison, and Dr. Wloczewski interacted with Jubilee on two (2) occasions. During these visits, Jubilee was provided with various medications for his pain and an ACE bandage for his knee.

By Jubilee's own account, he received medical treatment and medication at the Schuylkill County Prison. To the extent that Jubilee is dissatisfied with the type of medication that was initially prescribed, this allegation, at best, demonstrates Jubilee's disagreement with medical treatment. Though he may have preferred a different medication, such disagreement is not enough to state a § 1983 claim. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (holding that "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation); Gause v. Diguglielmo, 339 F. App'x 132, 136 (3d Cir. 2009) (a dispute over the choice of medication does not rise to the level of an Eighth Amendment violation). This is particularly true in light of the fact that there are no allegations in the complaint that defendant Dr. Wloczewski intentionally withheld medical treatment from Jubilee in order to inflict pain or harm upon him. See Farmer, 685 F. Supp. at 1339; Rouse, 182 F.3d at 197. Furthermore, Jubilee does not allege that the prescribed medications resulted in any risk of harm to his health. Rather, Jubilee simply alleges that the initially prescribed medications did not help alleviate his pain. As

such, upon Jubilee's request, the medication was changed, and he acknowledges that the new medication alleviated his pain.

The allegations in Jubilee's complaint amount to nothing more than his subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. See Carpenter v. Kloptoski, No. 08-CV-2233, 2012 WL 983565, at *6 (M.D. Pa. Mar. 22, 2012) (citing White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990)) (observing that "a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference"). Claims of medical malpractice and disagreements as to the proper course of medical treatment simply do not suffice to satisfy the deliberate indifference standard. See Monmouth Cty., 834 F.2d at 346. Courts will not second guess whether a particular course of treatment is adequate or proper. See Parham v. Johnson, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (quoting Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)). Based on the foregoing, Jubilee's complaint fails to articulate a plausible civil rights claim against defendant Wloczewski. The medical defendants' motion will be granted in this regard.

### 2. *Monell Liability*

Jubilee also brings a Monell claim against PrimeCare, the company that employs defendant Wloczewski. Under § 1983, a private corporation contracted by a prison to provide healthcare for inmates cannot be held liable on *a respondeat superior* theory; rather, a plaintiff must allege that the entity had a policy, practice, or custom which caused injury to the plaintiff. Adonai-Adoni v. King, No. 07-3689,

2009 WL 890683, at *2 (E.D. Pa. Mar. 31, 2009) (noting that a private medical provider can only be liable under § 1983 if claim rests "upon some policy, practice or custom"); see also Carpenter v. Kloptoski, No. 1:08-CV-2233, 2010 WL 891825, at *8 (M.D. Pa. Mar. 10, 2010) (concluding that a § 1983 claim against a private medical service solely on the basis that it was responsible for providing health care is subject to dismissal). Jubilee simply alleges that PrimeCare is contracted with the Schuylkill County Prison to provide medical services to inmates at the prison, and that PrimeCare employs defendant Wloczewski. (Doc. 1 at 7). Jubilee fails to allege any facts demonstrating that any perceived deficiency in his medical treatment may be the result of PrimeCare's policies, customs, or practices. The complaint does not even identify any PrimeCare policies or procedures that may be at issue. Consequently, the Monell claim will be dismissed.

### 3. *Negligence Claim*

The medical defendants move to dismiss any potential professional negligence claims based on Jubilee's failure to timely file a certificate of merit ("COM"), as required by Pennsylvania Rule of Civil Procedure 1042.3. (Doc. 25 at 13-14). Rule 1042.3 requires a plaintiff alleging professional negligence to file a COM within sixty (60) days of filing the complaint. PA. R. CIV. P. 1042.3. The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell below acceptable professional standards," and that this was the cause of the plaintiff's

injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed. PA. R. CIV. P. 1042.3(a)(1)-(3). Failure to file a certificate of merit is fatal to a plaintiff's claim. PA. R. CIV. P. 1042.7. A defendant seeking to dismiss for want of a certificate must first file written notice of their intent to do so, no sooner than thirty (30) days after the complaint was filed. PA. R. CIV. P. 1042.6(a).

As a threshold matter, it is undisputed that Rule 1042.3 applies to this action. The Third Circuit has determined that the certificate of merit requirement is a substantive rule of Pennsylvania law, applicable to federal court actions under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). See Liggon-Redding v. Estate of Robert Sugarman, 659 F.3d 258 (3d Cir. 2011); Chin v. Chrysler LLC, 538 F.3d 272, 278 (3d Cir. 2008).

Pursuant to Pennsylvania law, "a court may consider two equitable exceptions when a plaintiff has improperly failed to file a COM: whether the plaintiff has substantially complied with Rule 1042.3 and whether the plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply." Ramos v. Quien, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008) (citing Womer v. Hilliker, 908 A.2d 269, 276, 279 (Pa. 2006)). Federal courts have since applied these equitable considerations to determine if a plaintiff who fails to timely file a certificate of merit may be relieved from the requirement if he provides a reasonable explanation or legitimate excuse. See Perez v. Griffin, 304 F. App'x 72, 74 (3d Cir. 2008) (observing

17

that "failure to comply with Rule 1042.3 is not fatal to claims of professional liability if the Plaintiff can show 'reasonable excuse' for the noncompliance") (quoting Womer, 908 A.2d at 279-80)).

In the instant action, Jubilee was required to file a certificate of merit producing expert testimony that his medical treatment deviated from acceptable medical standards, and to show that the deviation was the proximate cause of any injuries. Jubilee's medical claims are not within the knowledge of lay persons, as they relate to allegations that defendants were negligent in providing medical care. Specifically, Jubilee claims that he was not provided adequate treatment for his knee and back injuries. These claims are clearly "an integral part of the process of rendering medical treatment" which involves professional medical judgment which is beyond the realm of the lay person. Paige v. Holtzapple, 2009 WL 2588849, *4 (M.D. Pa. 2009) ("Where the conduct at issue constituted an integral part of rendering medical treatment, and involved diagnosis, care, and treatment by a licensed professional, . . . the action is one that is characterized as a professional negligence action requiring expert testimony."). It cannot be said that a decision of whether, when or what type of treatment should be provided "is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." Hightower-Warren v. Silk, 698 A.2d 52, 54 n.1 (Pa. 1997). Accordingly, a certificate of merit is required for any perceived professional negligence claim.

Jubilee filed his complaint on January 8, 2018. On March 12, 2018, the medical defendants provided notice to Jubilee that they intended to seek dismissal of the negligence cause of action for failure to file a certificate of merit. (Doc. 19). Jubilee did not file the requisite certificate of merit and did not request an extension of time in which to do so. Furthermore, Jubilee has failed to oppose the medical defendants' motion and thus failed to show a reasonable explanation or legitimate excuse for failure to timely file a certificate of merit. Consequently, the court will grant the medical defendants' motion to dismiss the professional negligence claim based on Jubilee's failure to file a certificate of merit.

### 4. *Leave to Amend*

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set forth herein, the court concludes that allowing Jubilee the opportunity to amend would be futile.

**III.    Conclusion**

For the reasons set forth above, the court will grant defendants' motions (Docs. 22, 24).  An appropriate order will issue.


                                            /S/ CHRISTOPHER C. CONNER
                                            Christopher C. Conner, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania
Dated:         January 24, 201